AMBROSE MORRISON *v*. THE COMMONWEALTH.

**Criminal Law.**

Where the facts and evidence shows, an accused was guilty of an unwarranted attack upon the deceased, who was acting in a role of defense, a verdict will not be disturbed.

**Instructions.**

A hypothetical instruction, assuming self-defense without any exculpatory evidence is not sufficient grounds for a new trial.

APPEAL FROM HARRISON CIRCUIT COURT.

April 23, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The facts proved on the trial of the indictment in this case conduce strongly to the following conclusions: 1st, that the appellant, with express notice, sought, without any apparent provocation, to commit violence on the person of Jackson, and not improbably, to take his life on the day of the homicide and at different times before he shot him. 2nd, that he pursued, with his loaded rifle, Jackson's friend Duncan for no other reason than the fact that Duncan said that he was Jackson's friend, declaring his neutrality at the same time. 3rd, that Jackson then, with an empty shot-gun picked up near the door, left the grocery to cross the street and go to his mother's house holding the gun in such a way as to show that he intended to use it's but and for defense if necessary. 4th, that the appellant, being eluded by Duncan, turned back and interrupted Jackson on his way to his mother's and near the door walking backwards between him and the house, and confronting him as he continued to walk on to the house with the musket clubbed evidently for defense and not attack, he fired on and killlled Jackson.

From these facts it is obvious that the appellant was pursuing Jackson, who was trying to avoid him then and before, and that the appellant himself, by his own misconduct, occasioned all the

difficulty and shot Jackson without any plausible pretense of excuse.

Then the 5th instruction, now complained of, as ground for a new trial hypothetically assuming self-defense without any exculpatory evidence, was more favorable to the accused than it ought to have been, and there being no pretense of self-defense, the jury could not have been mislead to the appellant's prejudice. And the appellant has no cause to be dissatisfied with the verdict.

Wherefore there being no error in refusing a new trial, the judgment of conviction is *affirmed.*

*A. H. Ward, Trimble, for appellant.*

*Atto. Gen'l, for appellee.*